UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER GARY BAYLOR,

    Plaintiff,

vs.                              Case No.: 6:23-cv-748-CEM-EJK

THE FLORIDA KU KLUX CLAN FOR THE
TRADITIONALIST AMERICANS, ET AL.,

    Defendants.

_____/

## DEFENDANTS' MOTION TO DISMISS AND TO STRIKE COMPLAINT

Defendants Charles T. Canady, Ricky Polston, Jamie R. Grosshans, Jorge Labarga, John D. Couriel ("Defendant Justices"), Brian D. Lambert, F. Rand Wallis, James A. Edwards, Eric J. Eisnaugle, John M. Harris ("Defendant 5DCA Judges"), Robert J. Morris, Jr., Craig C. Villanti, Suzanne Y. Labrit, Daniel H. Sleet, Anthony K. Black, Patricia J. Kelly ("Defendant 2DCA Judges"), D. Curtis Jacobus ("Defendant Circuit Judge Jacobus"), John A. Tomasino, Mark Clayton, Sandra B. Williams, and Mary Beth Kuenzel ("Defendant Clerks") (collectively the "Defendants"), hereby move the Court, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(6), (f), and Loc. R. 3.01, to dismiss ("Motion to Dismiss") and to strike (Motion to Strike") the Complaint [ECF 1] of Plaintiff Christopher Gary Baylor ("Plaintiff"), and state:

On April 24, 2023, Plaintiff appearing *pro se* brought this lawsuit against the Defendants by filing a 105-page Complaint for Declaratory and Injunctive Relief ("Complaint"). [ECF 1.]  On May 8, 11, and 12, 2023, Plaintiff executed service of process of the summons and Complaint on the Defendants. [ECF 9-15, 18-31.] Because the Defendants are each entitled to immunity from this suit and no claim is or can be stated against them, the Court should dismiss with prejudice.

## ARGUMENT

**Standard of Review** – A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Stevens v. Osuna, 877 F.3d 1293, 1309 (11th Cir. 2017).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  "[D]etailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pled. Iqbal, 556 U.S. at 678.  Labels, conclusions, formulaic recitations of the elements of a cause of action, and naked assertions devoid of factual enhancement are legally insufficient to state any claim. Id.  "To survive dismissal, … '[plaintiff's] allegations must plausibly suggest … a right to relief, raising that

possibility above a 'speculative level'; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Twombly*).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

*Pro Se* **appearance.**  Plaintiff appears *pro se*.  "*Pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by attorneys[, … h]owever, this leniency does not allow courts to serve as *de facto* counsel ['for a party,'] or to rewrite *pro se* pleadings ['in order to sustain an action']." Romine v. Athens Clarke Cnty., Ga., 774 F. App'x 620, 621 (11th Cir. 2019) (citing Campbell v. Air Jam. Ltd., 760 F.3d 1165, 1168-69 (11th Cir.), *cert. denied*, 574 U.S. 1047 (2014) (emphasis in the original).  *Pro se* litigants must comply with procedural rules and allege the essential elements of their claims for relief. *See* McNeil v. U.S., 508 U.S. 106, 113 (1993); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

**Subject Matter Jurisdiction.**  "Rule 12(b)(1) authorizes a motion to dismiss an action if the court lacks subject matter jurisdiction.  Such challenges can be asserted on either facial or factual grounds." Camm v. Scott, 834 F. Supp. 2d 1342, 1345-46 (M.D. Fla. 2011) (citations omitted)).  "Facial challenges to subject matter jurisdiction are based solely on the allegations of the complaint.  When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true.  However, where a defendant raises a factual attack on subject

matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 3499 (2010) (citations omitted).  The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. Atwell v. KW Plastics Recycling Div., 173 F. Supp. 2d 1213, 1215 (M.D. Ala. 2001) (citation omitted).  A plaintiff must establish the court has subject-matter jurisdiction over claims in a complaint.  If unable to do so and subject matter jurisdiction is lacking, the Court must dismiss the action. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (citation omitted); Fed. R. Civ. P. 12(h)(3).

**Abstention.**  Pursuant to the *Rooker-Feldman*, *Younger* abstention doctrines, and the Anti-Injunction Act and the domestic relations exception to federal jurisdiction, the Court lacks jurisdiction to review or interfere in the operations, orders, and judgments of the underlying state court domestic relations proceedings as requested by Plaintiff. Rooker v. Fid. Tr. Co., 263 U.S. 413 (1923); D.C. Court of Apps. v. Feldman, 460 U.S. 462 (1983); Younger v. Harris, 401 U.S. 37, 38–39 (1971); Middlesex Cnty. Ethics Comm. v. Garden St. Bar Ass'n, 457 U.S. 423, 432 (1982); 28 U.S.C. § 2283; Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992);

Ingram v. Hayes, 866 F.2d 368, 369–70 (11th Cir. 1988). [Complaint at 3, 83.][1]

Here, no exceptions apply.  Thus, the Court should abstain and dismiss.

**Not a suable entity.**  Suits may only be brought against entities or persons that are "suable".  "The Florida Ku Klux Clan for The Traditionalist Americans, United Northern and Southern Knights Chapter, and Ladies of The Invisible Empire", are not suable entities. *See generally* Brown v. Jones, 2017 WL 2789407 *2 (N.D. Fla. June 2, 2017), *report and recommendation adopted*, 2017 WL 2783988 *1 (N.D. Fla. June 26, 2017); Dicks-Lewis v. Cir. Ct. of 5th Jud. Cir., 2019 WL 7116225 *1 (M.D. Fla. Nov. 22, 2019), *report and recommendation adopted*, 2019 WL 7050238 *1 (M.D. Fla. Dec. 23, 2019); Jean v. Marion Cnty. Cts., 2022 WL 17452215 *2 (M.D. Fla. Dec. 6, 2022).

**Absolute Judicial Immunity Bar.**  The Defendant Justices, Defendant 5DCA Judges, Defendant 2DCA Judges, Defendant Circuit Judge Jacobus, and Defendant Clerks are entitled to absolute judicial immunity from this suit.  "Few doctrines are more solidly established at common law than the immunity of judges from liability for damages for acts performed within their judicial jurisdiction …." Pierson v. Ray, 386 U.S. 547, 553–54 (1967) (citation omitted).  It is well established the law

---

[1] In re: Christopher Gary Baylor v. Ayano Eto Baylor, Brevard County Circuit Court, Case No.: 18-DR-43314; Christopher Gary Baylor v. Ayano Eto Baylor, Brevard County Circuit Court, Case No.: 19-CA-13081; Christopher Gary Baylor v. Ayano Eto Baylor, Brevard County Circuit Court, Case No.: 19-DR-12274; Christopher Gary Baylor v. Ayano Eto Baylor, Brevard County Circuit Court, Case No.: 20-DR-38355.

provides "absolute immunity" to a judge who is acting within his or her judicial capacity, and such "immunity is not reserved for Article III judges only." Stevens, 877 F.3d at 1301.  Judges "enjoy absolute immunity for acts performed in the course of their judicial capacities unless they [acted in the clear absence of all] jurisdiction." Fuller v. Truncale, 50 So. 3d 25, 27 (1st DCA 2010), *review denied*, 59 So. 3d 110 (Fla. 2011) (quoting and citing Johnson v. Harris, 645 So. 2d 96, 98 (5th DCA 1994), *review denied*, 659 So. 2d 271 (Fla. 1995)); Sibley, 437 F.3d at 1070; Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Stevens, 877 F.3d at 1304.  Judicial immunity is a complete immunity from both damages and the suit itself. Fuller, 50 So. 3d at 28; Kalmanson v. Lockett, 848 So. 2d 374, 378 (Fla. 5th DCA 2003) (recognizing judicial immunity protects "the finality of judgments, discouraging inappropriate collateral attacks, and preserving judicial independence by insulating judges from lawsuits by dissatisfied litigants").  It is "essential to the preservation of an independent judiciary" and "exists for the benefit of the judicial system and of the public, not for that of the judge." Johnson, 645 So. 2d at 97, citing Berry v. St., 400 So. 2d 80, 82–83 (4th DCA), *review denied*, 411 So. 2d 380 (Fla. 1981).  A judge's entitlement to immunity should be resolved at the earliest possible stage in litigation. *See* Hunter v. Bryant, 502 U.S. 224, 227 (1991).

Judicial immunity applies to suits under 42 U.S.C. §§ 1983, 1985, Mordkofsky v. Calabresi, 159 F. App'x 938 (11th Cir. 2005), *distinguished by*,

6

Cortes v. Jordan, 504 F. Supp. 2d 1318, 1321, 1322 (S.D. Fla. 2007), for damages, and for declaratory and injunctive relief. Bush v. Wash. Mut. Bk., 177 F. App'x 16, 17 (11th Cir. 2006) (citing Bolin, 225 F.3d at 1242); Stevens, 877 F.3d at 1308.  The plain language of 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  Other than stating conclusions, Plaintiff has not alleged any declaratory decree was violated or declaratory relief was unavailable.

A judge's immunity is overcome only if the claimed acts are not taken in a judicial capacity or are taken wholly outside of and in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Bolin, 225 F.3d at 1239.

> Because judicial immunity is intended to prevent a judicial party from becoming involved in a lawsuit, it would be compromised, and irreparable harm sustained, simply by forcing a judicial party to become involved in litigation, irrespective of its outcome.  The harm would be irreparable because if the parties wait to address the issue of judicial immunity until appeal, any protection the immunity affords against suit would be sacrificed.

Fuller, 50 So. 3d at 28 (citations omitted).

To claim judicial immunity, a judge must demonstrate that: "(1) the ruling in question was a 'judicial act;' and (2) there was jurisdiction to issue the ruling." Fuller, 50 So. 3d at 28 (quoting and citing Johnson, 645 So. 2d at 98).  When determining whether an act by a judge is "judicial," two factors are considered: (1)

7

"whether the conduct of the judge is a 'judicial act'"; and (2) "whether the judge acted in the clear absence of all jurisdiction." <u>Stump v. Starkman</u>, 435 U.S. 349, 359, 362 (1978).   Courts apply the following analysis in determining whether a judge's actions were made while acting in a judicial capacity – whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. <u>Sibley</u>, 437 F.3d at 1070 (rejecting "the use of § 1983 as a device for collateral review of state court judgments").   "[T]hese four factors are to be broadly construed in favor of immunity, and… in some situations, immunity is to be afforded even though one or more of the … factors [are] not met." <u>William B. Cashion Nev. Spendthrift Tr. v. Vance</u>, 552 F. App'x 884, 886 (11th Cir. 2014) (citation omitted).   Applying these factors to Plaintiff's allegations, the acts complained of were undertaken by the Defendants in a judicial capacity.

Plaintiff's case against the Defendants is barred by their judicial and quasi-judicial immunity.   His Complaint allegations about the Defendant Justices, 5DCA and 2DCA Judges, and Circuit Judge Jacobus' handling of and rulings in the underlying state court domestic relations proceedings are acts or failures to act involving the exercise of discretion and normal judicial functions.   Entering orders is a normal judicial function. <u>William B. Cashion Nev. Spendthrift Tr.</u>, 552 F. App'x

at 887.  *See e.g.*, Stevens, 877 F.3d at 1305 (judicial functions include maintaining control over the courtroom); Sibley, 437 F.3d at 1071 (applying judicial immunity to a plaintiff's challenge to a judge's questions during oral argument).  The events concerning such decisions and rulings occurred in person or by remote electronic means in the Defendant Justices, 5DCA and 2DCA Judges, and Circuit Judge Jacobus chambers or open court. *See* Wilson v. Bush, 196 F. App'x 796, 799 (11th Cir. 2006) ("Entering a judgment or order is a quintessential judicial function and immunity attaches to it. 'This immunity applies even when the judge is accused of acting corruptly.'").  Consequently, Plaintiff only alleged acts or misconduct by the Defendant Justices, 5DCA and 2DCA Judges, and Circuit Judge Jacobus committed within their respective judicial discretion and jurisdiction.

An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *See* Dykes v. Hosemann, 776 F.2d 942, 946-48 (11th Cir. 1985).  Jurisdiction "means judicial power to hear and determine a matter, not the manner, method or corruptness of the exercise of that power." McGlasker v. Calton, 397 F. Supp. 525, 530 (M.D. Ala.), *aff'd*, 524 F.2d 1230 (5th Cir. 1975).[2]  Here, the Defendant Justices, 5DCA and 2DCA Judges, and

---

[2] The Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. Bonner v. City of Pritchard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

Circuit Judge Jacobus had subject matter jurisdiction over, i.e., the power to hear, domestic relations issues.  The Plaintiff has made no allegation that they dealt with him in a purely private capacity and has stated no facts that they acted or failed to act in the clear absence of all jurisdiction.  Therefore, no fact allegations show, or from which this Court might reasonably infer, any act or failure to act was not judicial or was in the clear absence of all jurisdiction. Fuller, 50 So. 3d at 27. Plaintiff's claims against the Defendant Justices, 5DCA and 2DCA Judges, and Circuit Judge Jacobus are thus barred by absolute judicial immunity.

A party is entitled to litigate a claim on the merits only once, in a single lawsuit.  If dissatisfied with the presiding judge's handling of the lawsuit, they may appeal.  "But when the case is over, it is over." Silva v. Swift, 2020 WL 3287884 *1 (N.D. Fla. June 18, 2020).  A losing party is not permitted to collaterally attack a presiding judge's handling and rulings by bringing a new lawsuit. *See* Kalmanson, Sibley.  Because the Defendant Justices, 5DCA and 2DCA Judges, and Judge Jacobus are entitled to absolute judicial immunity from this suit, the Court should dismiss with prejudice.

The Defendant Clerks are also entitled to judicial immunity from this suit. The Defendant Clerks are quasi-judicial officers. Fong v. Forman, 105 So. 3d 650, 652 (Fla. 4th DCA 2013); Zoba v. City of Coral Springs, 189 So. 3d 888, 890 (Fla. 4th DCA 2016); Art. V, § 3(c), § 4(c), § 16, Fla. Const.  "The doctrine [of judicial

immunity] extends as well to quasi-judicial officers who perform judicial functions. The reason for extending [judicial] immunity to quasi-judicial officers is because 'a strict guarantee of immunity is necessary to preserve the[ir] effectiveness and impartiality.'" Fuller, 50 So. 3d at 27-28 (footnotes omitted).  Because involving the Defendant Clerks in further litigation would negate this immunity, they would be irreparably harmed without the judicial immunity defense. Fuller, 50 So. 3d at 28, 30.  The outcome of each act of the Defendant Clerks alleged by Plaintiff is a quasi-judicial act with jurisdiction to issue the notice or order on behalf of the respective courts.  The Defendant Clerks' quasi-judicial immunity is immunity from suit, from assessment of any damages, and from any equitable relief. Fuller, 50 So. 3d at 30. *See also* Fong, 105 So. 3d at 653 ("find[ing] *Fuller* to be directly on point and consistent with the established principle that a quasi-judicial official carrying out the directive of a judge is protected from suit by the doctrine of judicial immunity. Fuller, 50 So. 3d at 28–29."); Zoba, 189 So. 3d at 892-94 (holding clerk immune from suit); Johnson, 645 So. 2d at 98 (holding judicial assistant acting on behalf of judge entitled to judicial immunity).  The Court should dismiss with prejudice.

**Litigation Privilege Bar.**  The Defendants are entitled to absolute legal immunity under Florida's litigation privilege "for actions that occur in judicial proceedings." Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 383 (Fla. 2007); Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A.

v. U.S. Fire Ins. Co., 639 So. 2d 606, 608 (Fla. 1994); AGM Invs., LLC v. Bus. L. Grp., P.A., 219 So. 3d 920, 924 (Fla. 2d DCA 2017); Myers v. Hodges, 53 Fla. 197, 44 So. 357, 361–62 (1907).  Because the Complaint allegations addressed to the Defendants are tied to the underlying state court domestic relations proceedings the litigation privilege applies to bar Plaintiff's claims.

    **Article III Jurisdiction.**  "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction [] and the burden of establishing the contrary rests upon the party asserting jurisdiction []." Id. (citations omitted).  Article III limits the jurisdiction of federal courts to adjudicate only actual, ongoing cases or controversies in which a concrete dispute exists. Art. III, § 2, U.S. Const.; Lewis v. Cont'l Bk. Corp., 494 U.S. 472, 477 (1990) (citing Deakins v. Monaghan, 484 U.S. 193, 199 (1988)); Hallandale Pro. Fire Fighters Loc. 2238 v. City of Hallandale, 922 F.2d 756, 759 (11th Cir. 1991).  The requirement must be satisfied at every stage of the judicial proceedings. Lewis, 494 U.S. at 477; ACLU v. Fla. Bar, 999 F.2d 1486, 1490 (11th Cir. 1993).  This case or controversy requirement is comprised of: (1) standing; (2) ripeness; and (3) mootness. Christian Coal. of Fla., Inc. v. U.S., 662 F.3d 1182, 1189 (11th Cir. 2011).  "The requirements for a justiciable case or controversy are no less strict in a declaratory judgment proceeding than in any other type of suit." Ala. St. Fed'n of Lab., Loc. Union No.

103 United Bhd. of Carpenters & Joiners of Am. v. McAdory, 325 U.S. 450, 461 (1945).  In a suit for injunctive relief against a state official, a plaintiff lacks Article III standing if that state official is powerless to remedy the alleged injury. *See* Linda R.S. v. Richard D., 410 U.S. 614, 616–18 (1973).  "The Article III standing requirement, 'which is built on separation of powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches.'" Moore v. Bryant, 205 F. Supp. 3d 834, 850 (S.D. Miss. 2016), *aff'd*, 853 F.3d 245 (5th Cir. 2017).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**Plaintiff lacks Standing to sue the Defendants.**  Standing is a threshold jurisdictional question that must be addressed *sua sponte* if not raised by the parties. Jones v. Comm'r Ga. Dep't of Corrs., 811 F.3d 1288, 1295 (11th Cir.), *cert. denied*, 577 U.S. 1125 (2016); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir.), *cert. denied*, 546 U.S. 872 (2005).  Because standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider and independent of the merits of any claim. Lewis v. Governor of Ala., 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc).  "Article III standing must be determined as of the time at which the plaintiff's complaint is filed." Focus on the Fam. v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003) (listing cases).  To show standing, a plaintiff must allege: (1) an

injury in fact, an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between plaintiff's alleged injury and the challenged action of the defendant; and (3) a likelihood, not merely speculation, that a favorable judgment will redress the injury. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992) (citations omitted); Jacobson v. Fla. Sec'y of St., 974 F.3d 1236, 1245 (11th Cir. 2020).  A "party invoking federal jurisdiction bears the burden" of establishing standing to sue. Lujan, 504 U.S. at 561 (citations omitted).  Standing is jurisdictional, so the Court may act on its own motion, and where subject matter jurisdiction is lacking "it must dismiss the action." Jacobson, 974 F.3d at 1245 (citations omitted). Prior to invoking the jurisdiction of a federal court, a plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Lewis, 494 U.S. at 477 (citation omitted).  "If relief is sought against an official who cannot remedy the plaintiff's alleged injury, there is no 'case or controversy' *between himself and the defendant[s]* within the meaning of Art[icle] III.'" Gallardo by & through Vassallo v. Senior, 2017 WL 3081816 *6 (N.D. Fla. July 18, 2017), *reversed and remanded (other grounds)*, 963 F.3d 1167 (11th Cir. 2020), *cert. denied*, 141 S.Ct. 2884 (2021) (quoting Scott v. Taylor, 405 U.S. 1251, 1259 (11th Cir. 2005) (Jordan, J., concurring)) (emphasis added in the quote) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).

Plaintiff has not and cannot assert any facts against each of the Defendants to establish standing.  He failed to allege and cannot show that his alleged injuries are traceable to each Defendants' alleged acts, that they caused his alleged or threatened injuries, that any threatened injuries are certainly impending, or that the Defendants have the power to redress them.  Plaintiff has failed to allege any actual, justiciable case or controversy between adverse parties based on articulated facts that demonstrate a real threat of immediate injury that needs to be resolved by the Court.

Plaintiff has not stated a legal issue or alleged an actual injury to him caused by the Defendants.  Instead, he makes generalized grievances.  Plaintiff's conclusory and subjective allegations of injury are insufficient.  Having failed to allege or establish Article III harm traceable from each of the Defendants, Plaintiff lacks standing to pursue declaratory or injunctive relief against them for violation of his civil rights.  As to any Fair Housing Act claim, once Plaintiff vacated the premises his claims for declaratory and injunctive relief became moot and a live case or controversy no longer existed. *See generally* Philippeaux v. Apt. Inv. & Mgmt. Co., 598 F. App'x 640, 643 (11th Cir. 2015).  The Court should dismiss with prejudice.

**Failure to State a Claim.**  Plaintiff's Complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Plaintiff alleges no involvement of each of the Defendants in any viable constitutional deprivation under

15

the First, Eighth, or Fourteenth Amendments.  Assuming the truth of his allegations and construing them in a light most favorable to him, no facts pled by Plaintiff allow the Court to draw any reasonable inference that the Defendants are liable for any asserted or threatened constitutional deprivation or other claim.  No civil claim is stated.  Since no plausible claim is or can be stated against the Defendants, the Complaint should be dismissed with prejudice.

**Failure to State a Claim - § 1983.**  Plaintiff has stated no legally sufficient claim against the Defendants.  Plaintiff has brought this action *pro se* under 42 U.S.C. § 1983 seeking declaratory or injunctive relief.  But he has failed to allege facts to support his request for declaratory or injunctive relief against each of the Defendants.  The purpose of § 1983 "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–57 (1978)).  The Complaint does not contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face against the Defendants. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).  To properly state a claim for relief under § 1983, a

16

plaintiff must allege that: (1) the challenged conduct of a defendant deprived him of a right, privilege, or immunity guaranteed by the Constitution or secured by federal law; and (2) such deprivation occurred, at least in part, by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010).  A plaintiff must allege an affirmative causal connection between each defendant's conduct and the alleged deprivation of constitutional rights, especially where only declaratory relief is sought. Zatler v. Wainwright, 802 F. 2d 397, 401 (11th Cir. 1986) (citation omitted).  If a plaintiff cannot do so or fails to provide factual allegations in support of a claim, the complaint is subject to dismissal. Richardson, 598 F.3d at 737-38.

Even when read liberally, Plaintiff has set forth insufficient facts to establish each of these elements against the Defendants. *See* Haines v. Kerner, 404 U.S. 519 (1972); Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Assuming without conceding the truth of Plaintiff's allegations, no plausible § 1983 claim against the Defendants is or can be stated, because no affirmative causal connection is or can be alleged specific to each of the Defendants and consequently no reasonable inferences can be made from them. Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 376 (1990).  Since no plausible claim is or can be stated against the Defendants, the Court should dismiss with prejudice.

**Failure to State a Claim – 14th Amendment.**  Any claim based on the 14th Amendment cannot stand against the Defendants because it applies to actions by a State. S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 n.21 (1987); Okpala v. Jordan, 193 F. App'x 850, 852 (11th Cir. 2006).  Plaintiff has not pled a cognizable 14th Amendment due process claim for violation of a fundamental right or that meets the "shocks the conscience" standard. Obergefell v. Hodges, 576 U.S. 644, 663 (2015); 625 Fusion, LLC v. City of Fort Lauderdale, 526 F. Supp. 3d 1253, 1269-71 (S.D. Fla. 2021) (collecting cases).  At the State level, he has not identified any specific fundamental interest that is violated by the Defendants' involvement.  None are discernable from the Complaint.  And that states no claim. When the government does not deprive someone of a constitutionally protected liberty or property interest, it does not violate the Due Process Clause of the 14th Amendment. See AFL-CIO v. City of Miami, Fla., 637 F.3d 1178, 1186 (11th Cir. 2011).  Plaintiff has not alleged the Defendants deprived him of any constitutionally protected liberty or property interest, thus on the alleged facts there is and can be no violation of the Due Process Clause of the 14th Amendment.  Likewise, Plaintiff has not pled a cognizable 14th Amendment equal protection claim against the Defendants.  To establish a violation Plaintiff must allege: (1) discriminatory intent; and (2) disproportionate impact. Hunter v. Underwood, 471 U.S. 222, 225–27 (1985).  He has alleged neither.  No plausible claim is or can be stated against the

Defendants based on the 14th Amendment due process or equal protection clauses. The Court should dismiss with prejudice.

**No chapter 760 claim**.  Plaintiff has failed to state a plausible viable claim under §§ 760.20 – 760.37, Fla. Stat., the Fair Housing Act ("FHA").  Plaintiff has failed to allege he first filed a complaint based on the FHA with the Florida Commission on Human Relations (or the outcome of that filing if made).  Exhaustion of this administrative remedy is a condition precedent to this suit such that Plaintiff's FHA claims are barred. *See generally* <u>Belletete v. Halford</u>, 886 So. 2d 308, 310 (Fla. 4th DCA 2004); <u>Hous. Opportunities Project v. SPV Realty, LC</u>, 212 So. 3d 419, 423, 426 (Fla. 3d DCA 2016).  Plaintiff has stated subjective conclusions and insufficient facts for each essential element showing intentional severe or pervasive acts of each of the Defendants interfering with his FHA rights or any alleged harm specific to or targeting him based on race under the FHA.  Any notices or orders issued by the Defendant Clerks were authorized and, considering Plaintiff's litigation history, did not interfere with his access to courts, the Court should dismiss.

**Plaintiff is not entitled to Declaratory Relief**.  "[D]eclaratory judgment … remedies are equitable in nature, and other equitable defenses may be interposed." <u>Abbott Lab'ys v. Gardner</u>, 387 U.S. 136, 155 (1967), *abrogated on other grounds by* <u>Califano v. Sanders</u>, 430 U.S. 99 (1977).  It is a maxim in equity, that "he [or she] who comes into equity must come with clean hands". <u>Precision Instrument Mfg. Co.</u>

19

v. Auto. Maint. Mach. Co., 324 U.S. 806, 814-15 (1945).  For Plaintiff to state a

claim for declaratory relief, there must be a substantial, continuing controversy

between the parties. Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 506 (1972);

Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999).

Plaintiff must allege specific facts from which the continuation of the dispute may

be reasonably inferred. Ciudadanos Unidos de San Juan v. Hidalgo Cnty. Grand Jury

Comm'rs, 622 F.2d 807, 821–22 (5th Cir. 1980).  The "continuing dispute" may not

be conjectural, hypothetical, or contingent; it must be real and immediate, and it

must involve a definite, rather than speculative, threat of future injury. City of Los

Angeles v. Lyons, 461 U.S. 95, 103 (1983); Wolfer v. Thaler, 525 F.2d 977, 979

(5th Cir. 1976).  The possibility that a future injury may occur is insufficient. City

of Los Angeles, 461 U.S. at 103.  "A declaratory judgment, like other forms of

equitable relief, should be granted only as a matter of judicial discretion, exercised

in the public interest." Eccles v. Peoples Bk. of Lakewood Vill., Cal., 333 U.S. 426,

431 (1948).  Without having alleged his clean hands, he impermissibly seeks an

advisory opinion, on an abstract, hypothetical, or contingent question. McAdory,

325 U.S. at 461, 462.  Because Plaintiff has failed to allege the foregoing

requirements, the Court should deny and dismiss the request for declaratory relief.

**Plaintiff is not entitled to Injunctive Relief.**  Injunctive relief is not a matter

of right but a court's discretion.  To state a claim for injunctive relief, Plaintiff must

allege the existence of an irreparable injury that is actual, imminent, and involves future conduct that is not speculative. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A., 243 F. App'x 502, 504 (11th Cir. 2007). A Court's remedial power is limited to prospective injunctive relief. Edelman v. Jordan, 415 U.S. 651, 675 (1974). Having failed to allege any irreparable injury caused him by each of the Defendants that is actual, imminent, and involves future conduct that is not speculative, Plaintiff has failed to meet his pleading burden for injunctive relief. An injunction directed at each of the Defendants would do nothing to redress any alleged harm and is barred. The Court should deny and dismiss Plaintiff's request for injunctive relief.

**Sovereign Immunity Bar.** A prerequisite to proceeding with a sovereign immunity analysis is Plaintiff must allege, but has not, that each of the Defendants owed him individually a duty of care with respect to any negligent conduct (if alleged). *See* Trianon Park Condo. Ass'n Inc. v. City of Hialeah, 468 So. 2d 912, 921 (Fla. 1985); Pollock v. Fla. Dep't of Highway Patrol, 882 So. 2d 928, 932, 933 (Fla. 2004) (citations omitted). If Plaintiff alleged negligence, it is only a duty owed to the public generally, and attempted claims against the Defendants are barred.

The Eleventh Amendment prohibits suit against a state in federal court. Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Seminole Tribe of Fla. v. Fla., 517 U.S. 44 (1996); Schopler v. Bliss, 903 F.2d 1373, 1379 n.4

21

(11th Cir. 1990).  Absent consent, waiver, or abrogation, which are not present here, the Eleventh Amendment bars suit in federal court against a state. Hans v. La., 134 U.S. 1 (1890); Ford Motor Co. v. Dep't of Treasury of St. of Ind., 323 U.S. 459 (1945); St., Dep't of Elder Affs. v. Caldwell, 199 So. 3d 1107, 1109 (Fla. 1st DCA 2016). "This express constitutional limitation denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent." Ford Motor Co., 323 U.S. at 464 (citations omitted). It extends to lawsuits against state officials acting in official capacities. Seminole Tribe of Fla., 517 U.S. 44.  Because the Defendants are state officials acting in their judicial and quasi-judicial capacities, Plaintiff's suit against them is a suit against the State of Florida for Eleventh Amendment purposes and is barred as a matter of law regardless of the relief sought. Will v. Mich. Dep't of St. Police, 491 U.S. 58, 64, 71 (1989); P. R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144, 146 (1993).  § 1983 does not abrogate such immunity since a state is not a "person" for purposes of the statute. Will, 491 U.S. at 71.  By seeking declaratory or injunctive relief Plaintiff does not evade Eleventh Amendment immunity and his claims must be dismissed. Seminole Tribe of Fla., 517 U.S. at 58; Pennhurst St. Sch. & Hosp., 465 U.S. at 100.

**Futility**.  "A district court may dismiss a complaint without first granting leave to amend if it finds that any such amendment would be futile." Henry v. Fernandez-Rundle, 773 F. App'x 596, 598 n.3 (11th Cir. 2019).  Because any

amendment would be futile, the Court should dismiss with prejudice. Foman v. Davis, 371 U.S. 178, 182 (1962); Sibley, 437 F.3d at 1073-74 (declining amendment of a collateral attack against judges in their respective individual capacities barred by judicial immunity and dismissing as futile); Hollis v. W. Acad. Charter, Inc., 782 F. App'x 951, 955-56, 958-59 (11th Cir. 2019).

**Motion to Strike.** The Court should strike the following portions of the Complaint: reference to "The Florida Ku Klux Clan for The Traditionalist Americans, United Northern and Southern Knights Chapter, and Ladies of The Invisible Empire" [ECF 1 at 1]; reference to the Defendant Justices as Grand Knights of the klavern, Defendant Judges as exalted Cyclops' of the klavern, as loyal White Knights for the klavern, Defendant Clerks as Ku Klos Knights of the klavern, and Defendant female judges and clerk as Ladies of the Invisible Empire [ECF 1 at 1, at 2, ll. 8-16; at 9, ll. 162, 167; at 10, ll. 172, 179-80, 184-85];  reference to them as Klan members [ECF 1 at 3, ll. 42-43; at 4, ll. 61, 65; at 5, ll. 74, 77, 82; at 6, l. 109; at 7, ll. 113, 121, 128-29, 131; at 39, l. 572; at 79, ll. 1287-88]; reference to them as American Knights [ECF 1 at 10, 1. 172]; and reference to them as the White Devil or Devil for the klavern. [ECF 1 at 2, ll. 13, 20; at 10, l. 175.]

WHEREFORE, the Defendants request that the Court grant this Motion to Dismiss, dismiss with prejudice, grant the Motion to Strike, strike the identified portions of the Complaint, and award any further relief deemed mete and just.

Local Rule 3.01(g) Certification

I HEREBY CERTIFY that movants have conferred with the opposing party on May 30, 2023, in a good faith effort to resolve this Motion to Dismiss and Motion to Strike by agreement; the parties were unable to resolve this Motion to Dismiss and Motion to Strike.  The parties conferred via teleconference and email.

Respectfully Submitted,
**ASHLEY MOODY**
**ATTORNEY GENERAL**

*/s/ Miguel A. Olivella, Jr.*
Miguel A. Olivella, Jr.
Special Counsel
Fla. Bar No. 253723
*/s/ Charles J. F. Schreiber, Jr.*
Charles J. F. Schreiber, Jr.
Senior Assistant Attorney General
Fla. Bar No.: 0843075
miguel.olivella@myfloridalegal.com
charles.schreiber@myfloridalegal.com

Office of the Attorney General
Civil Litigation Division – Complex Litigation
The Capitol PL-01
Tallahassee, Florida 32399-1050
Telephone:     (850) 414-3300
Telefacsimile: (850) 488-4872

Attorneys for the Defendants Charles T. Canady,
Ricky Polston, Jamie R. Grosshans, Jorge Labarga,
John D. Couriel, Brian D. Lambert, F. Rand Wallis,
James A. Edwards, Eric J. Eisnaugle, John M. Harris,
Robert J. Morris, Jr., Craig C. Villanti, Suzanne Y. Labrit,
Daniel H. Sleet, Anthony K. Black, Patricia J. Kelly,
D. Curtis Jacobus, John A. Tomasino, Mark Clayton,
Sandra B. Williams, and Mary Beth Kuenzel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been furnished this 30th day of May 2023, via the CM/ECF System, U.S. Mail, & e-mail (as applicable), to:

Christopher Gary Baylor
3206 South Hopkins Avenue, Suite 43
Titusville, Florida 32780-5667
cbaylor@aafa-law.org
Plaintiff, *pro se*

/s/ *Charles J. F. Schreiber, Jr.*
Charles J. F. Schreiber, Jr.