## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Christopher Gary Baylor,

                 Plaintiff,

v.                                    Case No. 6:23-cv-748-CEM-EJK

The Florida Klu Klux Klan For The
Traditionalist Americans, Charles
T. Canady, Ricky Polston, Jamie R.
Grosshans, Jorge Labarga, John D.
Couriel, Brian D. Lambert, F. Rand
Wallis, James A. Edwards, Eric J.
Eisnaugle, John M. Harris, Robert
Morris, Craig C. Villanti, Suzanne
Labrit, Daniel H. Sleet, Anthony K.
Black, Curtis Jacobus, John Tomasino,
Mark Clayton, Patricia J. Kelly, Sandra
B. Williams, And Mary Elizabeth Kuenzel,

                 Defendants.

_____/

## <u>MOTION FOR RULE 11 SANCTIONS</u>

Defendants, more specifically all who have been served with process[1]

(hereinafter "Defendants"), by and through the undersigned counsel pursuant to

Fed. R. Civ. P. 5, 11(c)(2), and 11(c)(4), hereby move for sanctions against Plaintiff

---

[1] Plaintiff is apparently in the process of serving process on the Defendants. Some have been served with process but perhaps not all have been served. This Motion is filed on behalf of all Defendants who have been served as of the date this Motion is filed. Under no circumstances should there be any interpretation that by filing this motion any Defendant who has not been served with process acquiesces to the jurisdiction of this Court nor does it constitute an appearance on his or her part.

for having filed the instant suit, one that was initiated for improper purpose, is intended to harass, has been filed to needlessly cause an expenditure of effort and funds for litigation, is based on frivolous claims that are devoid of merit, legal basis,  and/or is based upon claims that lack any evidentiary support for the allegations made.

Defendants respectfully requests that the Court sanction Plaintiff by: 1) declaring Plaintiff to be a vexatious litigant; 2) prohibiting Plaintiff from filing any new *pro se* documents, actions, complaints, petitions, or motions in the Middle District of Florida without first obtaining the prior written approval of the Senior Magistrate Judge in the division in which the document is sought to be filed; 3) dismissing this matter summarily for Plaintiff's abuse of the judicial process; and 4) imposing any other sanctions the Court deems just and appropriate, including but not limited to a monetary award or fine.

## **MEMORANDUM OF LAW**
### **I.**
### **PREFACE**
A.

PLAINTIFF'S VEXATIOUS LITIGATION HISTORY

Beginning in 2017, to the best of undersigned's ability to research Plaintiff's litigation history[2], Plaintiff has initiated or pursued at least forty-nine (49)

---

[2] Undersigned is not familiar enough with how to locate and review the court dockets in the Minnesota state judicial system in which Plaintiff has been a litigant. Thus, the information that follows is a review of cases filed/pursued by Plaintiff in the Florida state and federal judiciary, the Minnesota federal district court, and the United States Supreme Court. As an aside, in the

lawsuits[3] in this Court, the federal District Court of Minnesota, the Florida Supreme Court, the Florida Fifth District Court of Appeal, the Florida Second District Court of Appeal, the state District Court of Minnesota, the Florida Eighteenth Judicial Circuit, and the Florida Second Judicial Circuit[4]. In many of the cases, Plaintiff pursued claims that had been previously adjudicated adversely to him, yet he continued to initiate additional suits based on the adversely

---

process of researching the Minnesota federal district court, reference by the Court was made to at least four (4) state court proceedings in which Plaintiff was involved and so they are included in the discourse that follows, but it may well be that other cases exist within the Minnesota state judicial system involving Plaintiff.

[3] Undersigned has not included a fiftieth (50th) case that was filed in this Court and is technically pending. That case is B*aylor v. Tomasino*, Case No. 6:22-cv-1356 (MD FL) wherein the Court denied Plaintiff's motion for a restraining order and further ordered him to show cause why the case should not be dismissed (ECF 9). However, before the case could be dismissed, Plaintiff sought interlocutory appellate review to the Eleventh Circuit that caused a stay of the lower court proceedings. Ultimately, the appeal was dismissed by the Eleventh Circuit on April 25, 2023 for failure to prosecute (ECF 26). Thus, it appears that it is only a matter of time before the aforementioned case becomes the fiftieth unsuccessful piece of litigation which Plaintiff has pursued since 2017.

[4] The Court may take judicial notice as to the cases cited herein as Courts may take judicial notice of documents, such as public records, that are not subject to reasonable dispute. *See*, e.g., *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (district court "properly took judicial notice" of "public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'" (quoting Fed. R. Evid. 201(b)); Fed. R. Evid. 201(d)). In addition, judicial notice may be taken at any stage of a proceeding. Fed. R. Evid. 201(d). Applying well settled law, judicial notice of the orders and court filings referenced above is clearly appropriate. The court dockets for the referenced cases are judicial records maintained by the various Court clerks and as judicial records, their authenticity is beyond dispute, and they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Further, this Court recently held that it "may take judicial notice of another court's order for the limited purpose of recognizing the "judicial act" that the order represents or the subject matter of the litigation." *Gaffney v. Ficarotta*, 2022 WL 17668825, at *5 (M.D. Fla. Dec. 14, 2022). This Court further held that it "may consider state court docket entries and motions to the extent that they speak for themselves…." *Id.*

adjudicated claims.

In none of the forty-nine cases initiated or pursued by Plaintiff has he prevailed as every case has resulted in dismissal or a denial of relief. The list of cases is as follows:

<u>U.S. DISTRICT COURT, MIDDLE DISTRICT OF FLORIDA</u>

1.    *Baylor v. Browne*, Case No. 6:19-cv-1492 (MD FL 2019), dismissed for lack of jurisdiction (ECF 7).

2.    *Baylor v. Hennepin County District Court, et al*, Case No. 6:20-cv-342 (MD FL 2020), dismissed by the Honorable Carlos E. Mendoza for failure to state a claim (ECF 12);

3.    *Baylor v. Kennedy Court LLC*, Case No. 6:21-cv-2605 (MD FL 2021), remanded to state court due to lack of federal question and case was closed.

4.    *Baylor v. Kennedy Court LLC, et al.*, Case No. 6:21-cv-617 (MD FL 2021), dismissed (ECF 38);

5.    *Baylor v. Ayano Eto,* Case No. 6:21-cv-1636 (MD FL 2021), dismissed for lack of jurisdiction (ECF 30). 2022 WL 1212275 (MD FL 2022);

<u>ELEVENTH CIRCUIT COURT OF APPEALS</u>

6.    *Baylor v. Kennedy Court LLC, et. al*, Case No. 21-14284 (11th Cir. 2022), dismissed as frivolous (ECF 12);

7.    *Baylor v. Eto,* Case No. 21-14511 (11th Cir. 2022), dismissed because the "…appeal raises no issue of arguable merit, it is frivolous." (ECF 4);

*8.    Baylor v. Tomasino*, Case No. 23-10983 (11th Cir. 2023), dismissed (ECF 4).

<u>U.S. DISTRICT COURT, MINNESOTA DISTRICT</u>

9.    *Baylor v. Eto*, Case No. 19-cv-280 (DMN 2019), dismissed (ECF 45);

10.   *Baylor v. Eto*, Case No. 19-cv-442 (DMN 2019), dismissed (ECF 62). 2019 WL 3456841 (DMN 2019);

11.   *Baylor v. Gildea*, Case No. 20-cv-01811 (DMN 2020), dismissed (ECF 13). 2020 WL 7224243 (DMN 2020);

<u>EIGHTH CIRCUIT COURT OF APPEALS</u>

12.   *In re Christopher Gary Baylor*, Case No. 20-2915 (8th Cir. 2020), Petition

for Writ of Mandamus denied September 22, 2020;

     13.    *Baylor v. Hon. Lorie Gildea*, et. al., Case No. 20-3685 (8th Cir. 2021), summarily affirmed January 29, 2021.

### FLORIDA SECOND DISTRICT COURT OF APPEAL

     14.    *Baylor v. Naberhaus*, Case No. 2D22-3056 (Fla. 2d DCA 2023), Petition for Writ of Prohibition denied March 9, 2023);

     15.    *Baylor v. Eto*, Case No. 2D22-3565 (Fla. 2d DCA 2023), Petition for Writ of Mandamus denied February 7, 2023.

### FLORIDA FIFTH DISTRICT COURT OF APPEAL

     16.    *Baylor v. Eto Baylor,* Case No. 5D20-150 (Fla. 5th DCA 2020), appeal dismissed February 18, 2020;

     17.    *Baylor v. Eto Baylor,* Case No. 5D20-2593 (Fla. 5th DCA 2021), Petition for Writ of Prohibition denied January 12, 2021;

     18.    *Baylor v. DHB Development LLC, et. al.*, Case No. 5D 20-2704 (Fla. 5th DCA 2021), appeal dismissed August 11, 2021;

     19.    *Baylor v. Kennedy Court LLC*, Case No. 5D21-1345 (Fla. 5th DCA 2022), lower court Per Curiam Affirmed August 2, 2022. 346 So. 3d 667 (Fla. 5th DCA 2022);

     20.    *Baylor v. Eto*, Case No. 5D 22-1119 (Fla. 5th DCA 2022), Petition for Writ of Prohibition dismissed June 2, 2022.

     21.    *Baylor v. Naberhaus, et. al,* Case No. 5D22-2120 (Fla. 5th DCA 2022), transferred to Florida 2d DCA September 16, 2022.  Petition for Writ of Prohibition subsequently denied March 9, 2023. *See, Baylor v. Naberhaus*, Case No. 2D22-3056 (Fla. 2d DCA 2023);

     22.    *Baylor v. Eto*, Case No. 5D22-2290 (Fla. 5th DCA 2023), transferred to Florida 2d DCA September 16, 2022.  Petition for Writ of Mandamus subsequently denied February 7, 2023. *See,* Baylor v. Eto, Case No. 2D22-3565 (Fla. 2d DCA 2023);

     23.    *Baylor v. Kennedy Court, LLC.*, Case No. 5D23-871 (Fla. 5th DCA 2023) dismissed for failure to pay filing fee March 14, 2023, appeal reinstated after order of insolvency March 15, 2023.

### FLORIDA SUPREME COURT

     24.    *Baylor v. Eto Baylor*, Case No. SC21-134 (Fla. 2021), dismissed for lack of jurisdiction February 1, 2021. 2012 WL 330899 (Fla. 2021);

     25.    *Baylor v. Eto Baylor*, Case No. SC21-321 (Fla. 2021), Petition for Writ of prohibition denied as successive April 3, 2021. 2021 WL 1399820 (Fla. 2021);

26.     *Baylor v. Kennedy Court, LLC,* Case No. SC21-1266 (Fla. 2021), Petition for Writ of Prohibition denied. 2021 WL 4511112 (Fla. 2021);

27.     *Baylor v. Eto*, Case No. SC22-628 (Fla. 2022), transferred to Florida Fifth District Court of Appeal May 11, 2022. 2022 WL 16942136 (Fla. 2022). Petition for Writ of Prohibition subsequently dismissed June 2, 2022. *See, Baylor v. Eto*, Case No. 5D 22-1119 (Fla. 5th DCA 2022);

28.     *Baylor v. Eto*, Case No. SC22-820 (Fla. 2022), Petition for Writ of Prohibition seeking to disqualify judges from the Fifth District Court of Appeal denied; and seeking to disqualify Judge Jacobus denied as successive. 2022 WL 14763635 (Fla. 2022). Plaintiff's subsequent motion for issuance of a written opinion was then stricken as unauthorized. 2022 WL 16942136 (Fla. 2022);

29.     *Baylor v. Kennedy Court, LLC.*, Case No. SC22-1054 (Fla. 2022), Petition for Writ of Mandamus denied due to failure to establish a right to mandamus relief. 2022 WL 17727591 (Fla. 2022);

30.     *Baylor v Eto*, Case No. SC-1159 (Fla. 2022), transferred to Florida 5th District Court of Appeal September 21, 2022. 2022 WL 4362512 (Fla. 2022). Transferred to Florida 2d DCA September 16, 2022.  Petition for Writ of Mandamus subsequently denied February 7, 2023. *See,* Baylor v. Eto, Case No. 2D22-3565 (Fla. 2d DCA 2023;

31.     *Baylor v. Kennedy Court LLC.,* Petition for Writ of Mandamus denied due to failure to establish a right to mandamus relief. 2022 WL 17366015 (Fla. 2022);

UNITED STATES SUPREME COURT

32.     *Baylor v. Eto*, 141 S.Ct. 1376 (2021). Petition for Writ of Certiorari denied;

33.     *In re Baylor,* 141 S.Ct. 2507 (2021). Petition for Writ of Mandamus denied;

MINNESOTA STATE LOWER COURTS

34.     *Baylor v, Baylor*, Case No. 27-DA-FA-17-6539 (Hennepin County District Court 2017);

35.     *Baylor v. Baylor*, Case No. 62-DA-FA-17-1492 (Hennepin County District Court 2017);

36.     *Baylor v. Baylor*, Case No. 62-HR-18-737 (Hennepin County District Court 2018);

37.     *In re Marriage of Baylor*, Case No. 17-FA-18-3158 (Hennepin County District Court 2018);

38.     *Baylor v. Johnson & Greenberg, PLLP, et al.,* Case No. 27-CV-20-4395

(Hennepin Co. District Court 2021), dismissed due to claims being barred by the doctrine of *res judicata*;

### MINNESOTA STATE COURT OF APPEALS

39.  *Baylor v. Baylor*, 2018 WL 2187189 (MN Ct. App. 2018), Plaintiff appealed rulings in Cases No. 27-DA-FA-17-6539 and 62-DA-FA-17-1492 (Hennepin Co. District Court). Lower court affirmed all rulings adversely to Plaintiff;

40.  *In re The Marriage of Baylor*, 2020 WL 2517629 (MN Ct. App. 2020), Plaintiff appealed lower court's order dissolving marriage to wife and awarding her permanent sole custody of daughter (See above - Case No. 17-FA-18-3158). Lower court was affirmed;

41.  *Baylor v. Johnson & Greenberg, PLLP*, 2021 WL 1245270 (MN Ct. App. 2021), affirming lower court's decision to dismiss case due to the application of the doctrine of *res judicata*;

### FLORIDA 18TH JUDICIAL CIRCUIT

42.  *Baylor v. Baylor*, Case No. 05-2018-DR-043314 (18th Judicial Circuit 2018), dismissed for lack of personal jurisdiction December 20, 2018 (ECF 38), and rehearing denied April 9, 2029 (ECF 47);

43.  *Baylor v. Baylor*, Case No. 05-2019-CA-013081 (18th Judicial Circuit 2019), dismissed December 2, 2019 (ECF 28), and rehearing denied December 17, 2019 (ECF 30);

44.  *Baylor v. Baylor*, Case No. 05-2019-DR-012274 (18th Judicial Circuit 2019), dismissed November 21, 2019 (ECF 31), and rehearing denied December 16, 2019 (ECF 33);

45.  *Baylor v. DHB Development,* Case No. 05-2020-CA-051191 (18th Judicial Circuit 2019), denying Motion for Preliminary Injunction December 17, 2020 (ECF 19);

46.     *Baylor v. Eto*, Case No. 05-2020-DR-038555 (18th Judicial Circuit 2020), dismissed December 14, 2020 (ECF 18);

47.     *Baylor v. Eto*, Case No. 05-2021-CA-056712 (18th Judicial Circuit 2021), dismissed June 20, 2021 for lack of personal jurisdiction and the expiration of the statute of limitations (ECF 30); and

48.     *Baylor v. Naberhaus, et. al*, Case No. 05-2022-CA-020287 (18th Judicial Circuit 2022), dismissed August 29, 2022 (ECF 48); and

<u>FLORIDA 2nd JUDICIAL CIRCUIT</u>

49.     *Baylor v. Tomasino*, Case No. 2022-CA-1391 (2nd Judicial Circuit 2023), dismissed January 30, 2023 with prejudice for failure to serve process (ECF 10).

Given the foregoing history, Plaintiff has repeatedly abused both the state and federal judicial process since 2017.  He has filed repetitive suits (within the same court and other courts) based upon the same specious claims that are repeatedly rejected.  Furthermore, he has sought meritless appellate relief, up to and including the United States Supreme Court, wasting judicial resources by routinely abandoning the appellate cases that are dismissed for failure to prosecute.

**II.**
**ARGUMENT**

It is respectfully submitted that the only way to put an end to Plaintiff's serial abuse of the litigation process is for this Court sanction him, and the only sanction that will have any effect on Plaintiff is a declaration that he is a vexatious litigant. Plaintiff has forfeited the privilege of initiating litigation on a *pro se* basis

without Court approval and given the absence of any cognizable legal basis for the suit at hand, a dismissal of this case with prejudice is also warranted.

There is ample legal authority for the requests made.

A.
APPLICABLE LAW

**1. Frivolous, repetitive suits**

Federal law expressly recognizes the authority of this Court to declare Plaintiff to be a vexatious litigant, sanction him, and require him to obtain leave of court before filing any future suits on a *pro se* basis without leave of Court. That is because, "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F. 2d 1069, 1073 (11th Cir. 1986) (citing *In re Martin-Trigona,* 737 F.2d 1254, 1261-62 (2d Cir. 1984)).

More specifically, 28 U.S.C. § 1651 empowers federal district courts to enjoin parties from filing actions in judicial forums and otherwise restrict their filings. *See also*, *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002); *Martin-Trinoga v. Shaw*, 986, F.2d 1384, 1387 (11th Cir. 1993); *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981) ("The United States Courts are not powerless to protect the public, including litigants...from the depredations of those...who abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive...proceedings."); *Copeland v. Green*, 949

F.2d 390, 931 (11th Cir. 1991) and *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991) ( injunctions affirmed against vexatious litigants that included pre-filing screening restrictions); *In re Farris,* 330 Fed. Appx. 833, 835 (11th Cir.2009) (finding *pro se* plaintiff to be a vexatious litigant when he attempted to re-litigate issues for over ten years that were previously adjudicated); and *Laosebikan v. Coca–Cola Company,* 415 Fed. Appx. 211, 215 (11th Cir.2011) (finding plaintiff to be a vexatious litigant when he repeatedly asserted baseless allegations in order to harass the defendant and cause the defendant irreparable harm by having to defend itself).

While the issuance of injunctions typically involves certain standards and prerequisites, they do not apply to the issuance of an injunction against a vexatious litigant. *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1100-01 (11th Cir. 2004) ("The requirements for a traditional injunction do not apply to injunctions under the All Writs Act because a court's traditional power to protect its jurisdiction, codified by the Act, is grounded in entirely separate concerns."); *Ray v. Lowder*, 2003 WL 22384806, at *2 (M.D. Fla. 2003) (citing *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). Rather, "[a] history of litigation entailing 'vexation, harassment and needless burden on the courts and their supporting personnel' is enough." *Id.* (citing *In re Martin-Trigona*, 737 F.2d at 1262).

Injunctions that have been upheld by the Eleventh Circuit as to vexatious litigants include the pre-filing screening restrictions requested herein. *See Copeland v. Green*, 949 F.2d 390, 931 (11th Cir. 1991); *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 518 (11th Cir. 1991). Courts also have entered orders sustained on appeal that: (1) enjoin litigants from "relitigating specific claims or claims arising from the same set of factual circumstances"; (2) require litigants to "accompany all future pleadings with affidavits certifying that the claims being raised are novel, subject to contempt for false swearing;" (3) direct litigants to "seek leave of court before filing pleadings in any new or pending lawsuit;" and (4) direct litigants to "attach to future complaints a list of all cases previously filed involving the same, similar, or related cause of action, and to send an extra copy of each pleading filed to the law clerk of the chief judge of the district." *Procup*, 792 F. 2d at 1072-73. Any combination of the foregoing is permissible because theses injunctions do not completely foreclose litigants from access to the courts. *Martin-Trinoga v. Shaw,* 986, F.2d 1384, 1387 (11th Cir. 1993) (*citing Procup*, 792 F.2d at 1074).

Courts have various other tools available to them to address vexatious activities such as the imposition of monetary sanctions and the power of contempt. However, contempt and monetary sanctions are effectively meaningless when it comes to stopping *pro se* litigants like Plaintiff from using the judicial process to harass, annoy, and oppress others. Litigants like Plaintiff are

not members of the bar, have few if any assets, and are typically judgment-proof. Admonishments by this Court or the imposition of monetary sanctions would mean nothing to this Plaintiff and certainly would do nothing to deter his vexatious conduct.

In the case of *pro se* litigants like Plaintiff, a more direct approach is required such as the dismissal of this matter along with an Order enjoining him from filing any new documents, actions, complaints, petitions, or motions in the Middle District of Florida without first obtaining the prior written approval of the Senior Magistrate Judge in the division in which the document is sought to be filed. *See U.S. v. Maas*, 2005 WL 2298296 (11th Cir. 2005).

Of course, should the Court decide that monetary sanctions, fines, and admonitions are also appropriate, DEFENDANTS leave that up to the Court's discretion.

In the past, this Court has not hesitated to combat vexatious conduct that is much less egregious than Plaintiff's conduct by sanctioning litigants in the manner requested herein. For example, in *Ho v. Warren*, 2021 WL 5494374 (M.D. Fla. 2021), the Honorable Judge Tom Barber was confronted with a plaintiff who sued two federal district court judges for what was alleged to be, "criminal obstruction of justice". The act that predicated the allegation consisted of one of the judges transferring Ho's case to the other judge. Deeming the claim "nonsense", Judge

Barber dismissed the case without leave to amend and barred Ho from filing any other matters in the Middle District of Florida without leave of Court. He articulated his reasons as follows:

> "When someone chooses to file an action in court, they have an obligation to do so in good faith and for proper purposes. This is true for parties represented by lawyers as well as parties representing themselves. _**Unfortunately, parties occasionally attempt to weaponize the court system and use it as a tool to harass, embarrass, intimidate, retaliate and waste other people's time and resources.**_ Others occasionally attempt to use the courts to vindicate personal grievances, real or imagined, with no connection to the parties they choose to sue. _**In those rare instances when parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always respecting the rights of parties to pursue legitimate claims.**_
>
> Judges have been generally successful in stopping parties represented by counsel from using the courts for improper purposes. However, _pro se_ litigants who attempt to use the courts for improper purposes present a significant challenge to courts throughout the country. On one hand, courts must be open and available to all, including those who choose to represent themselves, and the law directs that _pro se_ filings are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." _See Erickson v. Pardus_, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). _**On the other hand, some experienced and savvy pro se litigants, proceeding in bad faith, understand this directive and attempt to exploit it to their advantage.**_ Furthermore, the line between _pro se_ parties struggling in good faith to pursue legitimate claims and those proceeding in bad faith with

vexatious litigation is not always clear. As such, many courts choose to give *pro se* parties "the benefit of the doubt" and are reluctant to act even when there is evidence *pro se* parties are using the courts for improper purposes. *Experienced and savvy pro se litigants also understand this judicial reluctance to act and attempt to exploit it to their advantage."*

\*          \*          \*

In these circumstances, the Court finds it appropriate to enjoin Ho from filing any action, compliant, petition, or other document in the Middle District of Florida without first obtaining leave from the Middle District of Florida or the United States Court of Appeals for the Eleventh Circuit.

*Where, as here, a litigant is obviously not proceeding in good faith, courts have no choice but to act. Courts are, understandably, reluctant to act decisively for fear of extinguishing the rights of* **pro se** *litigants to pursue legitimate claims. But this concern should not outweigh the rights of innocent parties that are forced to expend valuable time and resources defending claims that should never have been brought in the first place."*

2021 WL 5494374 at \*1, \*2
(Emphasis added)

Judge Barber might just as easily have been discussing Plaintiff's history as a *pro se* litigant.

## 2. Disrespectful personal attacks

Courts do not tolerate abusive language directed at the judiciary. *Koehl v. Benstein*, 740 F.3d 860 (2nd Cir. 2014) (district court did not abuse its discretion in dismissing pro se suit as a sanction for using offensive, abusive, and insulting language toward the Magistrate Judge).  Neither will Courts tolerate a lack of

respect for the dignity of judicial proceedings such as where a Plaintiff accuses a Court of conspiring to violate his rights. *Koehl v. Greene*, 424 Fed.Appx. 61 (2nd Cir 2011). Finally, sanctions against a party who uses disrespectful and inappropriate language directed at the Court, opposing counsel, or parties have been repeatedly upheld. *See*, e.g., *Williams v. Florida Health Sciences Center, Inc.*, 2007 WL 641328, at *3 (M.D. Fla. 2007); *Komatsu v. City of New York*, 2021 WL 3363553, at *4 (S.D. NY 2021); *Doe v. Exxon Mobile Corp.*, 2021 WL 1910892 at *6 (D. DC 2021).

In *Conley v. State of Florida*, 2016 WL 3136156 (M.D. Fla. 2016), this Honorable Court was confronted with a situation much like the one in the case at hand regarding Plaintiff's abusive, disrespectful, tenor in his court filings (*See Id.*, DE 67). In response, the Court stated:

> "Separately, the Court finds that not only are Conley's objections frivolous, ***Conley has acted in an abusive and vexatious manner by directing personal insults against both this Court and the Magistrate Judge***. The Court cautions Conley that, should such behavior continue, he may be subject to sanctions. *See* Fed. R. Civ. P. 11. Sanctions may include, *inter alia*, a monetary penalty or a prohibition against future *pro se* filings. *See, e.g.*, *In re Roy Day Litig.*, 976 F. Supp. 1460 (M.D. Fla. 1995); *Schramek v. Jones*, 161 F.R.D. 119, 122 (M.D. Fla. 1995).

2016 WL 3136156 at *2

As was also recognized in *Apel v. McCool*, 2007 WL 2728370 *1 (N.D. Fla. 2007), "...opposition to Defendant's conduct does not confer upon Plaintiff license to include contemptuous and abusive language in his written filings...federal

courts are empowered to impose a wide range of sanctions for offensive or disrespectful conduct."

### 3. Vexatious litigant test

In *Ray v. Lowder*, 2003 WL 22384806 at *2 (M.D. Fla.) this Court adopted a test for determining whether a litigant's conduct justifies precluding him from pursuing *pro se* claims without leave of Court: (1) the litigant's history of litigations and whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., is there an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Subsequent judicial decisions have entrenched the foregoing standard, applying it when barring litigants from abusing *in forma pauperis* status to conduct vexatious litigation. *See e.g.*, *Satish v. Devos*, 2020 WL 9078298 (M.D. Fla. 2020); *Silva v. Swift*, 2020 WL 5523400 (N.D. Fla. 2020). DEFENDANTS submit that Plaintiff easily meets the test for being declared a vexatious litigant.

### a) Plaintiff's history of litigation

Plaintiff's history has been detailed above, one in which he has pursued almost fifty (50) matters in state and federal courts, none of which have resulted

in any redress. When Plaintiff's cases are dismissed, his response is to relitigate the claims by filing equally frivolous suits against other parties, refiling the same suit in another court, or in some cases, pursuing the same suit in the same court repeatedly. Often, he files his subsequent suits with some combination of the same parties and new victims. He has also filed the same suits in both state and federal court, none of which have resulted in any different outcome.

In pursuing the almost fifty (50) meritless suits, appeals, petitions, complaints, briefs, pleadings, and motions in these unsuccessful *pro se* civil matters within the past six (6) years, Plaintiff has made an improper and perverted use of the judicial process for the ulterior motive of burdening and harassing the multitude of defendants he has sued, both in the prior litigation and as to the defendants he has sued in the case at hand.

As an example, the Court need only look at the case at hand, one in which the underlying basis for the suit is patently frivolous given the DEFENDANTS' absolute judicial and quasi-judicial immunity from the claims asserted. Even more egregiously, this is far from the first time Plaintiff has sued judges and clerks of courts. At every turn, those cases/claims have been adjudicated against Plaintiff with the courts determining that Plaintiff had failed to state any conceivable basis for relief due to judicial and/or quasi-judicial immunity.

Finally, this suit improperly seeks to have this court review and undo a

myriad of prior state court rulings entered in both Florida and Minnesota.

Despite the failure to even remotely state a viable claim, Plaintiff has sued the Justices of the Florida Supreme Court, the judges of the Fifth District Court of Appeal, the judges of the Second District Court of Appeal, and the Clerks of the Supreme Court, the Fifth District Court of Appeal, and the Second District Court of Appeal.

As if that were not enough, Plaintiff has resorted to making egregiously racist personal attacks against the judiciary while claiming that an illusory, racist conspiracy exists among the judiciary, calculated to deny him his so-called rights. This would be grounds for sanctions in and of itself, but in the case at hand, it only supplements an already conclusively established basis for sanctions.

A review of Plaintiff's Complaint easily documents the unfounded racist diatribe leveled against numerous members of Florida's judiciary. Concocted accusations of leadership positions within the Ku Klux Klan as to these respected Justices and judges abound, as well as repeated, disparaging references to "white" judges, lawyers, and court staff, all in a concocted effort to allege an imagined conspiracy of "whites" depriving a black man of his rights. Plaintiff's tantrum ignores the fact that he has simply been denied relief repeatedly, not because he is a black man, but because of his forty-nine (49) failures to state any viable claims.

In sum, Plaintiff's disrespect, and his insulting diatribe, when assessed in conjunction with his frivolous and oppressive litigation history, gives this Court ample reason to declare Plaintiff a vexatious litigant and impose the restrictions requested by DEFENDANTS, and dismiss this matter with prejudice.

b) <u>Plaintiff's motives</u>

Plaintiff's motives are transparent. His suits are vindictive efforts to oppress and harass those he blames for imagined wrongs and against anyone who has played a part in thwarting the redress sought.  There is no good faith basis for Plaintiff's tactics in pursuing litigation after repeated rejections of the claims made, except as a means of wasting judicial resources and oppressing the targets of his vindictiveness.

c) <u>Representation by counsel</u>

Plaintiff initiates all his suits on a *pro se* basis, often seeking indigent status which is routinely denied. There is thus no legal counsel to harness his propensity for pursuing frivolous, disingenuous litigation and there is no reason to believe there will be any legal counsel in the future to temper Plaintiff's conduct.

d) <u>Needless expense and unnecessary burden on Courts</u>

Plaintiff's multiplicity of suits/appeals has required multiple parties to retain legal counsel and defend against the frivolous, unsuccessful suits that Plaintiff has pursued.  He has wasted judicial resources by pursuing almost fifty

frivolous legal matters ripe and with baseless motions[5]. In addition, in many of his appellate pursuits, he has initiated appellate review and then abandoned the cases.

    e) <u>Other sanctions</u>

Plaintiff will not be dissuaded by any lesser sanctions than those requested herein. Admonitions will fall upon deaf ears. Monetary sanctions by themselves would be meaningless to a litigant who has attested to having no income or assets. Short of preventing Plaintiff from initiating new matters without leave of this Court, he will continue to file *pro se* frivolous suit after frivolous suit against the same party(ies) and/or by adding new parties to his target of harassment.

C.

CONCLUSION

Applying the law, the only recourse is for the Court to sanction Plaintiff as requested in this Motion, declare him to be a vexatious litigant, limit his ability to frivolously add to his list of oppressed victims, and give Plaintiff's targets of oppression the ability to cease looking over their shoulders waiting to be served with process in suit after suit.

To that end, DEFENDANTS respectfully requests that the Court:

1.    Enjoin Plaintiff from filing any new documents, actions, complaints, petitions, or motions in the Middle District of Florida on a *pro se* basis without first

---

[5] Plaintiff's dockets are littered with motions to disqualify members of the judiciary, motions for rehearing, and motions for relief from judgments.

obtaining the prior written approval of the Senior Magistrate Judge in the division in which the document is sought to be filed.

2.      Dismiss this matter with prejudice; and

3.      Impose any other sanctions the Court deems appropriate.

### CERTIFICATE OF COMPLIANCE WITH FED. R. Civ. P. 11(c)(2) LOCAL RULE 3.01(G) CERTIFICATION

Undersigned has complied with the prerequisites of Fed. R. Civ. P. 11(c)(2) by having served a copy of this motion on the Plaintiff more than twenty-one (21) days prior to the filing of the Motion, after which Plaintiff failed to voluntarily withdraw this suit.

### LOCAL RULE 3.01(G) CERTIFICATION

Undersigned conferred with Plaintiff as to this Motion on May 18, 2023, by telephone. When asked if he objected to this Motion, Plaintiff responded that undersigned should file whatever he wanted after which Plaintiff stated that he would just sue undersigned counsel. Accordingly, the parties did not agree on the resolution of this Motion, and it is opposed.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**
MIGUEL A. OLIVELLA, JR.
Special Counsel
Florida Bar No. 253723
Office of the Attorney General
State Programs Division

The Capitol – PL 01
Tallahassee, Florida 32399-1050
(850) 414-3817
Miguel.Olivella@myfloridalegal.com
COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 13th, I electronically filed this document

and a copy will be served on Plaintiff at his registered email address.

/s/ Miguel A. Olivella, Jr.____
Counsel for DEFENDANTS